**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | |
|---|---|
| LAURA CULMONE<br>8115 YELLOW PINE DRIVE #E<br>ELLICOTT CITY, MD 21043<br>(Howard County)<br><br>   Plaintiff,<br><br>   v.<br><br>NAGLE & ZALLER, P.C.<br>7226 LEE DEFOREST DRIVE, SUITE 102<br>COLUMBIA, MD 21046<br>     Serve on:  P. Michael Nagle, Esq.<br>           Nagle & Zaller, P.C.<br>           7226 Lee Deforest Drive<br>           Suite 102<br>           Columbia, MD 21046<br><br>   Defendant. | Case No. _____ |

## COMPLAINT

Plaintiff Laura Culmone ("Culmone"), through her attorney Cory L. Zajdel of Z LAW, LLC, hereby submits this Complaint against Nagle & Zaller, P.C. ("Nagle & Zaller") and states:

## I. INTRODUCTION

1. This Complaint is filed and these proceedings are instituted under the "Fair Debt Collection Practices Act" 15 U.S.C. § 1692 *et. seq.*, (hereinafter "FDCPA") and the Maryland Consumer Debt Collection Act, Md. Code Ann., § 14-201 *et seq.* (hereinafter "MCDCA") to recover actual and statutory damages, reasonable attorney's fees and costs of suit due to Defendant's violations.

2. The United States Congress has found there is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that

abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress drafted the FDCPA with the goal to eliminate abusive collection practices utilized by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.      The state of Maryland passed the MCDCA, a similar but more comprehensive statute to protect individuals from abusive, unfair and harassing debt collection practices.

4.      Defendant is a Maryland professional corporation actively participating in collecting debts from consumers located in Maryland.

5.      Defendant Nagle & Zaller is a debt collection law firm that attempts to collect debts on behalf of home owner associations.

6.      Defendant attempts to collect alleged debts from Maryland consumers through the United States mails and by filing debt collection law suits in Maryland's District Courts.

7.      Defendant conducts business in Maryland by attempting to collect on consumer debts by contacting Maryland consumers.

8.      The state of Maryland requires debt collectors to be licensed by the Department of Labor, Licensing and Regulation in or to collect debts in the state of Maryland.

9.      Defendant was not licensed to collect debts in the state of Maryland until September 28, 2012.

10.      The communications from Defendant to Plaintiff were generally contradictory, inaccurate and misleading.

11.     Culmone institutes this case against Defendant for violations of statutory, common law and contractual obligations and seeks to recover actual damages, statutory damages, interest, attorney fees, and the costs of this action against Defendant for multiple violations of FDCPA and MCDCA.

## II.     PARTIES

12.     Plaintiff Laura Culmone is a natural person currently residing at 8115 Yellow Pine Drive #E, Ellicott City, MD 21043 (Howard County), is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Md. Code Ann., Comm. Law § 13-101 and took part in a "consumer transaction" as that term is defined by MCDCA, § 14-201(c).

13.     Defendant Nagle & Zaller is a professional corporation formed under the laws of the state of Maryland with a business address of 7226 Lee Deforest Drive, Suite 102, Columbia, MD 21046.

14.     At all times relevant to this Complaint, Nagle & Zaller transacted business in the District of Maryland and at other locations throughout Maryland, operating as a law firm, collection agency, as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and as a "collector" and "person" as those terms are defined by MCDCA, § 14-201(b) and (d).

15.     Nagle & Zaller is a "collection agency" as defined by Md. Code Ann., Bus. Reg. § 7-101(c).

## III.    JURISDICTION AND VENUE

16.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

17.     Supplemental Jurisdiction for the state law claims arise under 28 U.S.C. § 1367.

18.     Venue is proper in this Court because Plaintiff resides in this District, Defendant transacts business within this District, the conduct complained of occurred in the District and Defendant resides in this District.

## IV.     FACTUAL ALLEGATIONS

*Culmone Purchases the Real Property*

19.     In September 2005, Culmone purchased real property known as 3410 Bitterwood Place, #H101, Laurel, Maryland 20724.

20.     The real property was subject to annual condominium assessments by Tanglewood Condominium under Maryland's Condominium Association Act, Md. Code Ann., Real Prop. §§ 11-101 *et seq.*

21.     The condominium fees were a financial obligation and consumer debt that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5), Md. Code Ann., Comm. Law §§ 13-101(d) and 14-201(c).

22.     Culmone purchased the real property by providing a mortgage and security interest in the property to a national bank.

23.     Culmone regularly paid her condominium fees to Tanglewood Condominium at the inception of her tenancy.

24.     Due to financial hardship, Culmone was unable to continue to pay her monthly condominium fees and became delinquent on these condominium fees.

25.     Culmone filed a Chapter 7 bankruptcy in 2009 and in that bankruptcy action Culmone surrendered the real property back to the mortgage holder.

*The First Alleged Debt and Collection Action*

26.     Tanglewood Condominium hired Defendant to file a lawsuit against Plaintiff to collect all uncollected condominium association fees.

27.     On June 30, 2010, Tanglewood Condominium through Defendant filed a lawsuit to collect all uncollected condominium association fees and other charges accruing between July 2009 and February 2, 2010.

28.     Culmone and Tanglewood Condominium entered into a Stipulation Agreement in which Culmone agreed to pay all condominium fees accruing through February 2010 and Tanglewood Condominium agreed to dismiss the collection action.

29.     Culmone satisfied the Stipulation Agreement by paying the amount required under the Agreement.

*The Second Alleged Debt*

30.     After assuming the mortgage and real property in Culmone's Chapter 7 bankruptcy, the lender filed a foreclosure action against the real property on December 10, 2009.

31.     Culmone abandoned the real property in January 2010.

32.     On February 22, 2010, a report of sale was filed in the foreclosure action.

33.     Pegasus Home Corporation purchased the home at the foreclosure sale.

34.     The foreclosure sale purchaser paid the deposit at the time of the foreclosure sale.

35.     On May 14, 2010, the Circuit Court for Anne Arundel County ratified the foreclosure sale.

36.     After Pegasus Home Corporation purchased the home at the foreclosure sale, Pegasus Home Corporation sent workers into the real property to begin repairing the condominium unit.

37.     In April 2010, Pegasus Home Corporation listed the real property for sale with a real estate agent through the Metropolitan Regional Information Systems.

38.     The foreclosure sale purchaser failed to complete the purchase after the auction and the lender filed a motion with the Circuit Court requesting that the purchaser forfeit the deposit paid by the defaulting purchaser.

39.     The Circuit Court granted the motion and Ordered that the real property "be resold at the risk and expense of the defaulting purchaser."

40.     The real property was sold a second time and a report of the resale was filed in the Circuit Court on January 31, 2011.

41.     A final order ratifying the auditor's report of the resale of the real property was filed in the Circuit Court on June 21, 2011.

*The Second Collection Action*

42.     Beginning on March 9, 2011, Defendant Nagle & Zaller began communicating with Plaintiff Culmone in writing through the United States mails in an attempt to collect on the alleged debt.

43.     On March 9, 2011, Tanglewood Condominium through Defendant wrote Plaintiff a letter explaining that Plaintiff owed condominium assessments to Tanglewood Condominium for the time period between February 2, 2010 and January 31, 2011.

44.     Defendant acknowledged that Plaintiff paid all condominium assessments through February 2, 2010.

45.     Defendant explained that the assessments Tanglewood Condominium sought to recover began accruing on the date the real property was originally sold at the foreclosure

auction because the purchaser at the foreclosure auction defaulted and never completed the purchase of the real property.

46.     Defendant also explained that the assessments Tanglewood Condominium sought to recover ended on the date the second foreclosure auction on the real property took place on January 31, 2011.

47.     Defendant demanded that Plaintiff pay $2,921.10 to satisfy the alleged outstanding condominium assessments on the real property, late fees, attorney's fees and collection costs.

48.     In the March 9, 2011 letter from Defendant, Defendant stated that "you are legally responsible for all amounts due from February 2, 2010 through January 31, 2011."

49.     Tanglewood Condominium filed the second collection action against Culmone on January 11, 2012 attempting to recover condominium assessments accruing between February 2, 2010 through January 31, 2011 in addition to attorney's fees, late fees and costs of collection.

50.     Culmone received notice of the second collection action by mail.

51.     Culmone contacted Defendant on February 1, 2012 to explain that she did not owe the condominium assessments and to advise Defendant that these further collection efforts cause her "more mental anguish than you can imagine."

52.     On February 6, 2012, Defendant sent an electronic mail to Culmone doubling down on its allegation that Culmone owed the condominium assessments accruing between February 2, 2010 and January 31, 2011 and reminding Culmone that she is "legally responsible for all amounts due from February 2, 2010 through January 31, 2011."

53.     Culmone entered a notice of intention to defend the second collection action through her attorney.

54.     The parties stipulated to all of the facts and exhibits.

55.     The District Court of Maryland for Anne Arundel County accepted the stipulated facts and exhibits.

56.     Judge John P. McKenna, Jr. of the District Court held "it is clear that the contractual obligation for the payment of the annual condominium assessments in this case rested not with the Defendant Culmone but with the defaulting purchaser . . . from the date of the foreclosure sale."

57.     Judge McKenna further held that Tanglewood Condominium's "remedy for payment of the condominium assessments between February of 2010 and January of 2011 is properly against the defaulting purchaser rather than the Defendant Culmone, and thus the Defendant Culmone is entitled to judgment as to the contract claims stated in this action."

*Defendant Nagle & Zaller Was Not A Licensed Debt Collector*

58.     Defendant Nagle & Zaller was not licensed to attempt to collect debts from any location in Maryland when the first collection action was filed, when the second collection action was filed or when the Culmone received the March 9, 2011 letter from Defendant.

59.     In fact, Defendant did not receive a license to collect debts in Maryland until September 28, 2012.

60.     At all times relevant to this Complaint until September 28, 2012, when Defendant Nagle & Zaller attempted to collect the consumer debts from Plaintiff Culmone, Defendant Nagle & Zaller lacked the authority to conduct such business in Maryland.

61.     Defendant Nagle & Zaller is a "collection agency" as that term is defined by Title 7 of the Business Regulation Article, Maryland Code Annotated because Defendant Nagle & Zaller services consumer debt after the debt is in default.

62.     A "collection agency" is required to be licensed by the appropriate Maryland state agency for each location it will collect debts from.

63.     Defendant Nagle & Zaller was not licensed as a "collection agency" from any location during all dates relevant to this Complaint until September 28, 2012.

64.     Every collection effort against Plaintiff by Defendant Nagle & Zaller until September 28, 2012 are unfair and deceptive collection practices and a violation of the FDCPA and MCDCA.

65.     The collection law suits filed by Defendant on behalf of Tanglewood Condominium against Plaintiff are unfair and deceptive collection practices and a violation of the FDCPA and MCDCA.

66.     While attempting to collect the alleged debts from Plaintiff, Defendant acted in an abusive, harassing and deceptive manner contrary to the standards of civilized society and the standards employed by others in its industry and in violation of 15 U.S.C. §§ 1692(b); 1962c(b),1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f and 1692g(a) amongst others.

67.     As a direct and proximate result of Defendant's illegal collection tactics and harassing behavior, Plaintiff has sustained actual damages, extreme stress, fear, confusion, anger, humiliation, and embarrassment.

## V.     CAUSES OF ACTION

### COUNT I
### (FAIR DEBT COLLECTION PRACTICES ACT)

68.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

69.     While attempting to collect the alleged debt from Plaintiff, Defendant acted in an abusive, harassing and deceptive manner contrary to the standards of civilized society and the standards employed by others in its industry and in violation of numerous provisions of the FDCPA.

70.     FDCPA violations include, but are not limited to: 15 U.S.C. §§ 1692(b); 1962c(b),1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f and 1692g(a) amongst others.

71.     As a direct and proximate result of Defendants' illegal collection tactics and harassing behavior in violation of the FDCPA, Plaintiff has sustained actual damages, severe emotional distress, mental anguish fear, confusion, anger, humiliation and embarrassment.

## COUNT TWO
### (MARYLAND CONSUMER DEBT COLLECTION ACT)

72.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

73.     Maryland's Consumer Debt Collection Act, Md. Code Ann., Comm. Law §§ 14-201 *et seq.* ("MCDCA"), states that a "collector" while collecting or attempting to collect a debt may not:

- communicate with the debtor or a person related to him with the frequency, at the unusual hours, or in any other manner as reasonably can be expected to abuse or harass the debtor, § 14-202(6); and

- claim, attempt, or threaten to enforce a right with knowledge that the right does not exist, § 14-202(8).

74.     As a "collector" and "person" under the MCDCA, § 14-201(b) and (d), Defendant and its agents and employees are prohibited from performing or failing to perform any action

described above and from abusing or harassing Plaintiff while collecting or attempting to collect an alleged debt.

75.     The foregoing acts and omissions of the Defendant constitutes numerous and multiple violations of the MCDCA, including but not limited to each of the above-cited provisions of the MCDCA, § 14-202.

76.     As a result of Defendant's harassing and abusive debt collection practices in violation of the MCDCA, Defendant caused Plaintiff severe emotional distress, mental anguish and embarrassment, including but not limited to severe stress, many sleepless nights, a feeling of hopelessness and headaches.

**WHEREFORE**, Plaintiff prays that this Court enter an Order:

- declaring that Defendant's actions as described above are in violation of the FDCPA, and MCDCA;

- awarding actual and compensatory damages pursuant to 15 U.S.C. § 1692k against Defendant including an award for emotional distress and mental anguish;

- awarding statutory damages pursuant to 15 U.S.C. § 1692k against Defendant;

- awarding costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k against Defendant;

- awarding actual and compensatory damages, including an award for emotional distress and mental anguish pursuant to MCDCA, § 14-203 against Defendant;

- awarding reasonable attorney's fees and costs of litigation pursuant to Maryland's Consumer Protection Act, Md. Code Ann., Comm. Law § 13-408 (*see* 13-301(14)(iii));

- awarding restitution in an amount to be determined at trial;

- awarding pre-judgment and post-judgment interest; and

- awarding such other relief this Court deems just and equitable.

Respectfully submitted,

**Z LAW, LLC**

Dated: December 14, 2012

_____/s/  28191_____
Cory L. Zajdel, Esq. (Fed. Bar No. 28191)
10811 Red Run Blvd., Ste. 204
Owings Mills, MD 21117
(443) 213-1977
clz@zlawmaryland.com

Attorney for Plaintiff

## **JURY TRIAL**

Plaintiff Laura Culmone demands trial by jury.


_____/s/   28191_____
Cory L. Zajdel